UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FRANK CIOPPETTINI,

Plaintiff,

v.

MOCHI MEDICAL CA, P.C., et al.,

Defendants.

Case No. 26-cv-01260-KAW

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS OR TRANSFER**

Re: Dkt. No. 24

Plaintiff Frank Cioppettini filed the instant case against Defendants Mochi Medical CA, P.C. ("Mochi Medical CA"), Mochi Medical, P.A., and Mochi Health Corp. ("Mochi Health"), alleging violations of the Fair Labor Standards Act ("FLSA") and various California labor laws. (Compl., Dkt. No. 1.)  Pending before the Court is Defendants' motion to dismiss due to improper venue or, in the alternative, to transfer the case to the District of South Carolina (Greenville Division).  (Defs.' Mot. to Dismiss, Dkt. No. 24.)

The Court previously deemed this matter suitable for disposition without a hearing pursuant to Civil Local Rule 7-1(b).  (Dkt. No. 31.)  Having considered the parties' filings and the relevant legal authorities, the Court DENIES Defendants' motion to dismiss and GRANTS Defendants' motion to transfer the case.

## I.     BACKGROUND

Plaintiff is a licensed physician in South Carolina.  (Compl. ¶ 9.)  On December 10, 2025, Plaintiff executed a Professional Services Agreement ("PSA") with Defendant Mochi Medical, P.A.  (*See* R. Ahmad Decl., Exh. 1 ("PSA"), Dkt. No. 24-11.)  Per the PSA, Plaintiff agreed to provide telehealth weight-management services in South Carolina.  (PSA ¶ 1.1.)  The PSA conditioned payment for Plaintiff's services on patients having an active subscription with "Mochi

United States District Court
Northern District of California

Medical PC," aka Defendant Mochi Medical CA.  (PSA, Exh. B.)  The PSA further requires that all notices be sent to Defendant Mochi Medical, P.A. at a San Francisco address, which shares the same address as Defendant Mochi Health.  (PSA ¶ 10.1; Hussein Decl., Exh. A.)[1]  The PSA selects California law as the governing law.  (PSA ¶ 10.7.)

During Plaintiff's employment, Plaintiff was classified as an independent contractor. (Compl. ¶ 21.)  Plaintiff was not licensed to practice medicine in California, had no medical office in California, did not treat patients in California, and was never asked or required to travel to California in connection with his employment.  (R. Ahmad Decl. ¶ 12.)  In February 2025, Plaintiff's employment ended.  (Compl. ¶ 21.)

On February 11, 2026, Plaintiff brought this putative class and collective action against Defendants, alleging that Defendants had violated various California labor laws and the FLSA because Defendants had misclassified him as an independent contractor.  (Compl. ¶ 21.)  On May 15, 2026, Defendants filed the instant motion to dismiss or transfer the case.  On May 29, 2027, Plaintiff filed an opposition.  (Pl.'s Opp'n, Dkt. No. 27.)  On June 5, 2026, Defendants filed a reply.  (Defs.' Reply, Dkt. No. 29.)

## II.    LEGAL STANDARD

### A.    Rule 12(b)(3) Motion to Dismiss

A district court must dismiss or transfer a case if venue is improper. Fed. R. Civ. P. 12(b)(3); 28 U.S.C. § 1406(a).  If the venue's propriety is challenged under Rule 12(b)(3), the plaintiff bears the burden of showing that venue is proper. *See Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979).  Venue is only proper in:

> (1) a judicial district where any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of

---

[1] In Plaintiff's opposition, Plaintiff asserts that the PSA was drafted by Defendants and presented to Plaintiff on a take-it-or-leave-it basis, citing paragraph 28 of the complaint.  (Pl.'s Opp'n at 2.) Paragraph 28, however, concerns Defendants' alleged practice of misclassifying healthcare providers as "independent contractors."  (Compl. ¶ 28.)  Plaintiff also asserts that the original drafter of the PSA was Andrea Frey, Esq., but cites no evidence in support.  (Pl.'s Opp'n at 3, 12.) Rather, it appears Plaintiff presumes Ms. Frey was the drafter because the PSA requires that notices required by the PSA be copied to Ms. Frey.

the property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).  "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

When facts are in controversy, "the district court is permitted to weigh the competing evidence and make factual findings[.]" *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1138 (9th Cir. 2004).  Further, the "court is obligated to draw all reasonable inferences in favor of the non-moving party and resolve all factual conflicts in favor of the non-moving party." *Id.*

**B.     § 1404(a) Motion to Transfer**

Per § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought[.]" In deciding whether transfer is appropriate, the court must weigh multiple factors, which may include:

(1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

*Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000).

### III.     DISCUSSION

**A.     Evidentiary Objections**

With the reply, Defendants separately filed evidentiary objections to four exhibits.  (Dkt. No. 29-1.)  The objections are procedurally improper, as Civil Local Rule 7-3(c) provides: "Any evidentiary and procedural objections to the opposition must be contained within the reply brief or memorandum."  Thus, the Court overrules these objections.  *See Gonzalez v. Peak Cal. Rest. Grp., LLC*, No. 25-cv-04068-AMO, 2026 U.S. Dist. LEXIS 57216, at *5 (N.D. Cal. Mar. 18, 2026)

United States District Court
Northern District of California

(overruling evidentiary objections that did not comply with Rule 7-3). In any case, the Court did not consider these exhibits in its resolution of the motion.

**B.     Rule 12(b)(3) Motion to Dismiss**

Defendants seek dismissal based on improper venue. (Defs.' Mot. to Dismiss at 5.) The Court, however, finds that Plaintiff has established that all three Defendants reside in California, such that venue is proper under § 1391(a).

As an initial matter, there is no dispute that both Defendant Mochi Medical CA, P.C. and Mochi Health are located in this district. Rather, the dispute is solely whether Defendant Medical, P.A. is located in this district. (*See* Defs.' Mot. to Dismiss at 6; Defs.' Reply at 2 (arguing that "Mochi Medical, P.A. does not reside in California, so Plaintiff cannot satisfy the 'all defendants' requirement").

In arguing that Defendant Mochi Medical, P.A. does not reside in California, Defendants rely on the declaration of Dr. Rana Ahmad, who is Defendant Mochi Medical, P.A.'s sole owner, director, chief executive officer, president, secretary, and treasurer. (R. Ahmad Decl. ¶¶ 5-6.) Dr. Ahmad states that Defendant Mochi Medical, P.A. is a professional association formed in Florida, and that it has no office of physical corporate headquarters. (R. Ahmad Decl. ¶ 4.) Rather, Dr. Ahmad states that he directs, controls, and coordinates the company's activities and decisions from Washington. (R. Ahmad Decl. ¶ 5.) Dr. Ahmad also affirms that although Defendant Mochi Medical, P.A. has staff who work remotely, none are based in California. (R. Ahmad Decl. ¶ 4.)

Plaintiff, however, points to Defendant Mochi Medical, P.A.'s 2025 and 2026 Florida Profit Corporation Annual Reports filed with the Florida Secretary of State, both of which identify the "Current Principal Place of Business" as being located in San Francisco. (Hussein Decl., Exhs. 5, 6.) These Annual Reports, which are signed by Dr. Ahmad, also identify Dr. Ahmad's address as being in San Francisco. (*Id.*) By signing the Annual Reports, Dr. Ahmad certifies that the information provided is "true and accurate" and that his "electronic signature shall have the same legal effect as if made under oath." (*Id.*)

Defendants downplay the Annual Reports, asserting that Defendant Mochi Medical, P.A. uses Defendant Mochi Health's physical address as its own because it lacks a physical address.

4

(Defs.' Reply at 8.) Defendants further assert that because Defendant Mochi Health provides administrative services for Defendant Mochi Medical P.A., Defendant Mochi Health's address is provided solely so that mail can be received and processed. (*See* M. Ahmad Decl. ¶ 7, Dkt. No. 24-13.) This does not, however, explain why Dr. Ahmad lists his own address as being in San Francisco in the Annual Reports.

Ultimately, there is a factual conflict as to whether Defendant Mochi Medical, P.A.'s principal place of business is in California, as well as whether Dr. Ahmad -- who states he is the primary decisionmaker for Defendant Mochi Medical, P.A. -- is located in California. At this stage of the litigation, all factual conflicts be resolved in favor of Plaintiff, the non-movant. *See Schneider*, 362 F.3d at 1138. Thus, for purposes of this motion, the Court finds that it can be reasonably inferred that based on Defendant Mochi Medical, P.A.'s public filings with the Florida Secretary of State, which was signed and certified by Dr. Ahmad with "the same legal effect as if made under oath," Defendant Mochi Medical, P.A. resides in California. Thus, all three Defendants are residents in California, and venue is proper.

### C.    Motion to Transfer

In the alternative, Defendants argue that the case should be transferred to South Carolina because Plaintiff is located in South Carolina and the events underlying this action occurred in South Carolina. (Defs.' Mot. to Dismiss at 7.)

As a preliminary matter, the Court must determine whether this action could have been brought in the United States District Court of South Carolina. Here, Plaintiff resides in, entered into the PSA in, and performed work under the PSA in South Carolina, such that a substantial part of the events at issue occurred in South Carolina. *See* 28 U.S.C. § 1391(b)(2). Thus, the Court proceeds with considering the transfer factors.

#### i.    Choice of Forum

Typically, "[t]he defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986). Here, Defendants argue that Plaintiff's choice of forum is entitled to little deference because Plaintiff is not located in California. (Defs.' Mot. to Dismiss at 8.)

5

United States District Court
Northern District of California

The Court agrees. "Where, as here, 'a plaintiff brings its charges in a venue that is not its home forum[,] that choice of forum is entitled to less deference.'" *Beagle Labs, Inc. v. Appfolio, Inc.*, No. 25-cv-10670-AMO, 2025 U.S. Dist. LEXIS 263355, at *5 (N.D. Cal. Dec. 19, 2025) (quoting *In re Link_A_Media Devices Corp.*, 662 F.3d 1221, 1223 (Fed. Cir. 2011)). Further, "[t]he Ninth Circuit has held that courts should disregard a plaintiff's forum choice where the suit is a result of forum shopping." *Koltys v. Bisignano*, No. 25-cv-04028-SI, 2026 U.S. Dist. LEXIS 2879, at *12 (N.D. Cal. Jan. 7, 2026) (citing *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 628 (9th Cir. 1991)).

As stated in the operative complaint, Plaintiff "is now, and/or at all relevant times mentioned in this Complaint was, a resident and domiciliary of the State of South Carolina." (Compl. ¶ 9.) Plaintiff cannot dispute this, nor does he attempt to do so. Instead, Plaintiff argues that Defendants have a strong connection to this district. (Pl.'s Opp'n at 13.) At issue, however, is *Plaintiff's* connection with the forum, and Plaintiff does not identify any connection with this district. Indeed, Plaintiff does not dispute that he has no office in California, is not licensed in California, and was not required to treat any patients in California. Thus, Plaintiff's choice of forum is entitled to little weight, and this factor weighs in favor of transfer. *See Koltys*, 2026 U.S. Dist. LEXIS 2879, at *12-14 (giving little deference to the plaintiff's choice of forum where the plaintiff resided and worked for the defendant in the Central District of California, even though "management decisions" related to the plaintiff's accommodation requests were allegedly made in the Northern District of California).

### ii.    Location of Agreements

The parties dispute whether the PSA was negotiated and executed in California or South Carolina. Defendants contend that because Plaintiff signed the PSA in South Carolina, the PSA was formed there. (Defs.' Mot. to Dismiss at 9.) Plaintiff counters that the PSA was drafted through San Francisco counsel and directed notice to a San Francisco address. (Pl.'s Opp'n at 12.) Plaintiff cites no evidence in support that the PSA was drafted through San Francisco counsel, and the fact that notice was directed to San Francisco is not relevant to where the PSA was negotiated and executed. As there is no dispute that Plaintiff executed the PSA in South Carolina, this factor

weighs in favor of transfer. *PRG-Schultz USA, Inc. v. Gottschalks, Inc.*, No. C 05-2811 MMC, 2005 U.S. Dist. LEXIS 42272, at *9 (N.D. Cal. Oct. 17, 2005) (finding that where the plaintiff attested that it signed the agreement in Atlanta and the Defendant executed the agreement in Fresno in the Eastern District of California, this factor favored transfer to the Eastern District of California).

### iii.    Familiarity with Governing Law

Here, Plaintiff asserts claims under the FLSA, as well as various California labor laws.  As explained by other courts in this district, however:

> The two districts are equally familiar with federal law, which forms the basis of the putative FLSA collective action; however, this district is more familiar with the state laws underlying the California class action claims. But since other federal courts are fully capable of applying California law, this factor weighs only slightly against transfer.

*Karl v. Zimmer Biomet Holdings, Inc.*, No. C 18-04176 WHA, 2018 U.S. Dist. LEXIS 189997, at *18 (N.D. Cal. Nov. 6, 2018).

### iv.    Parties' Contacts with the Forum

In considering the parties' contacts with the forum, the Court finds that this factor is neutral.  Again, Defendants point out that Plaintiff resides in, executed the PSA in, and performed work under the PSA in South Carolina.  (Defs.' Mot. to Dismiss at 9.)  Plaintiff, in turn, argues that Defendants Mochi Medical CA and Mochi Health Corp. are located in California, and that Defendant Mochi Medical, P.A.'s annual reports place it in California.  (Pl.'s Opp'n at 13.)

### v.    Contacts Relating to the Plaintiff's Cause of Action in the Chosen Forum

At issue in this case is the alleged misclassification of Plaintiff during his employment with Defendants, and there can be no real dispute that Plaintiff performed work under the PSA in South Carolina.  Plaintiff, however, contends that the misclassification policy emanated from San Francisco and that his direct supervisor was located in San Francisco.  (Pl.'s Opp'n at 13.)  Plaintiff, however, provides no evidence in support of these assertions. Plaintiff also asserts that his pay came from San Francisco, but this limited contact does not outweigh the fact that Plaintiff performed all of the work under the PSA in South Carolina.  (*See id.*)  Thus, the Court finds that

United States District Court
Northern District of California

7

United States District Court
Northern District of California

this factor favors transfer.

### vi. Availability of Compulsory Process to Compel Attendance of Unwilling Non-Parties

While the convenience to parties "is often recognized as the most important factor to be considered in ruling on a motion under § 1404(a) . . . the convenience of non-party witnesses is a more important factor than the convenience of party witnesses." *Metz v. U.S. Life Ins. Co.*, 674 F. Supp. 2d 1141, 1147 (C.D. Cal. 2009) (internal quotations omitted). Significantly, Defendants argue that many non-party witnesses are located in South Carolina. Defendants contend that because this is a misclassification case, one of the major issues will be the level of control exercised by Defendants over Plaintiff. (Defs.' Mot. to Dismiss at 10-11.) Defendants thus argue that non-party witnesses who could speak to Plaintiff's job duties and his ability to pursue other business pursuits -- such as Plaintiff's co-workers, the nurses he supervises, and individuals involved in Plaintiff's other businesses -- will all be located in South Carolina. Further, because the Court can only subpoena a non-party witness "within 100 miles of where the person resides, is employed, or regularly transacts business in person" under Rule 45(c)(1), Defendants contend that none of these witnesses could be required to appear for depositions, hearings, or a trial. (*Id.* at 12.) In contrast, litigating in South Carolina will ensure access to such non-party witnesses. (*Id.* at 11.)

In response, Plaintiff merely argues that Defendants have not identified a specific non-party individual. (Pl.'s Opp'n at 13.) Plaintiff does not otherwise challenge Defendants' argument regarding the relevance of testimony by these non-party witnesses or the inability to subpoena them per Rule 45(c)(1). Plaintiff also does not identify any non-party witnesses that would be located in California. Accordingly, this factor weighs heavily in favor of transfer to South Carolina.

### vii. Ease of Access to Sources of Proof

Defendants argue that significant evidence will be based in South Carolina, including Plaintiff's patient records, communications regarding Plaintiff, his business records for his other businesses, and the non-party witnesses. (Defs.' Mot. to Dismiss at 12.) Plaintiff responds that the PSA, pay records, supervisory communications, and patient data reside on Defendants' San

8

Francisco-operated electronic platform. (Pl.'s Opp'n at 13.) "Although the ease of electronic discovery reduces the importance of this factor, costs of litigation can still be substantially lessened if the venue is in the district in which most of the documentary evidence is stored." *U.S. Ex Rel. Relator LLC v. Duff*, No. 24-cv-01002-AMO, 2026 U.S. Dist. LEXIS 54291, at *8 (N.D. Cal. Mar. 16, 2026). The Court finds that this factor favors transfer, as it appears most of the documentary evidence at issue will be located in South Carolina, whereas the evidence identified by Plaintiff as being located in California is electronic and can be easily transmitted.

### viii. Other Considerations

Plaintiff contends that other factors do not demonstrate inconvenience to Defendants of litigating in this forum. For example, Plaintiff argues that Defendants are already represented by San Francisco counsel in two other actions in this district. (Pl.'s Opp'n at 13-14.) As Defendants correctly point out, the fact that Defendants are litigating some cases in this district does not mean that *this* case should also be litigated here; the Court must consider the circumstances of this individual case. Here, the case concerns a misclassification claim by a South Carolina resident who performed work for Defendants in South Carolina, and who never traveled to or operated in California to fulfill his obligations under the relevant contract.

Given those facts, the Court finds that the factors strongly favor transfer in this case.

### IV. CONCLUSION

For the reasons stated above, the Court DENIES Defendants' motion to dismiss, but GRANTS Defendants' motion to transfer venue. The case shall be transferred to the District of South Carolina (Greenville Division).

IT IS SO ORDERED.

Dated: July 7, 2026

_____
KANDIS A. WESTMORE
United States Magistrate Judge

United States District Court
Northern District of California

9